UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN LEE JAMES SCHMIDT,<br><br>Petitioner,<br><br>v.<br><br>GEORGE JAIME, Warden,<br><br>Respondent. | Case No. 18-cv-06495-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION WITHOUT PREJUDICE** |

## I.  INTRODUCTION

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. The Court ordered Respondent to show cause why the writ of habeas corpus should not be granted. In lieu of an answer, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. Dkt. 7. Petitioner filed an opposition, and Respondent filed a reply. Dkts. 12, 13.

For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss and DISMISSES the instant petition without prejudice for failure to exhaust state remedies.

## II.  BACKGROUND

In 2017, a Humboldt County jury convicted Petitioner of arson of an inhabited structure for setting fire to the home he shared with his mother and her boyfriend in Eureka, California. Dkt. 1 at 1-2; *People v. Schmidt*, No. A151737, 2018 WL 1477519, *1 (Cal. Ct. App. Mar. 27, 2018). Petitioner was sentenced to five years in state prison. Dkt. 1 at 1.

On March 27, 2018, the California Court of Appeal affirmed Petitioner's judgment in an unpublished decision. *Schmidt*, 2018 WL 1477519, at *4. According to the state appellate court's opinion, Petitioner "raise[d] a single issue involving admission of two pieces of evidence he claim[ed] were irrelevant and unduly prejudicial, specifically, that his blood was on a gasoline can firefighters found inside a bedroom in the home, and that he admitted having earlier in the day turned up burners on the stove in an attempt to burn his mother's food because he was angry at her." *Id.* at *1; *see also* Resp't Ex. B.

1  Thereafter, Petitioner filed a petition for review with the California Supreme Court, and that court denied review on July 11, 2018. *See* Resp't Exs. C, D. In his petition for review, Petitioner alleged the following claims: (1) ineffective assistance of counsel ("IAC") for failing to investigate; and (2) trial court error for allowing the testimony of an "impeachable witness" named Mary Purify-Skillman. *See* Resp't Ex. D; *see also* Dkt. 1 at 3.

Petitioner did not pursue collateral review in state court.

On October 24, 2018, Petitioner filed the instant federal habeas petition. Dkt. 1. In his petition, Petitioner raised the same claims he raised in his petition for review involving claims relating to IAC and trial court error in allowing the testimony of Ms. Purify-Skillman. *See id.* at 5.

### III. DISCUSSION

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) *superseded by statute on other grounds as recognized in Woodford v. Ngo*, 548 U.S. 81, 84 (2006)). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *See id.*; *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc). A federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose*, 455 U.S. at 510.

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby

affording the state courts a meaningful opportunity to consider allegations of legal error. *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005).

A federal claim is not "fairly presented" if the claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). In *Castille*, the United States Supreme Court held that a claim was not fairly presented where it was raised for the first time on discretionary review to the state's highest court and denied without comment. *Id.* In so holding, the Supreme Court stated: "[W]here the [federal] claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not . . . constitute fair presentation." *Id.* The Ninth Circuit has interpreted *Castille* to stand for the proposition that a petitioner does not fairly present a federal claim to the state courts if he seeks review of the claim for the first time on discretionary appeal. *See Casey*, 386 F.3d at 917-18 (holding petitioner did not exhaust federal claims where they were raised for first and only time in discretionary petition for review to Washington State Supreme Court).

Here, Petitioner raised his two claims (in the instant petition) only in his petition for review to the California Supreme Court, and that court denied the petition without comment. The procedural posture of Petitioner's two claims is indistinguishable from that of the petitioner's claims in *Casey*. The language of Rule 8.500 of the California Rules of Court makes clear that a petition for review to the California Supreme Court is a discretionary appeal: "As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." *See* Cal. R. Ct. 8.500(c)(1). Based on Rule 8.500 and absent any evidence or argument to the contrary, it appears unlikely that Petitioner's two claims were considered on the merits when the California Supreme Court summarily denied the petition for review. *See Castille*, 489 U.S. at 351. Therefore, none of the claims in the instant petition were fairly presented to the state supreme court, and his claims are not exhausted.

If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). Thus, the instant petition must be dismissed because none of the claims have been

3

exhausted in the state supreme court. *See id.* The action cannot be stayed while Petitioner exhausts his state court remedy because there are no exhausted claims. Accordingly, Respondent's motion to dismiss the petition for failure to exhaust state remedies is GRANTED. Dkt. 7.

**IV. CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition is GRANTED. Dkt. 7. The instant petition is DISMISSED without prejudice because all of the claims presented in the instant petition are not exhausted. Petitioner may return to state court and exhaust his claims in the state supreme court.

The Court notes that Petitioner must exercise due diligence and exhaust his claims in the state supreme court in order to pursue his claims at a later time in this Court.[1] Because this action will be closed, if Petitioner files his new federal habeas petition, he should not use the case number for this action and instead should file the petition as a new action, i.e., he should send the petition to the Court without a case number and the Court will assign it a new case number when the petition is filed.

This Order terminates Docket No. 7.

IT IS SO ORDERED.

Dated: August 1, 2019

YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] The Court makes no findings as to whether or not the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 has expired. *See* 28 U.S.C. § 2244(d). If Petitioner anticipates any challenges to the timeliness of his claims when he returns to this Court after he exhausts his claims and files a new habeas petition, he may then request relief based upon equitable tolling for any delay in the instant action. The Ninth Circuit has not decided whether equitable tolling is warranted during the pendency of a completely unexhausted federal habeas petition subject to routine processing delays in the district court, a question left open in *Duncan v. Walker*, 533 U.S. 167 (2001) (holding that statutory tolling is not available in such circumstances). However, the Court notes that Petitioner must demonstrate reasonable diligence to get the benefit of equitable tolling in these circumstances. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007) (indicating that thirty days is sufficient time for a petitioner to return to federal court following final action by the state courts); *cf. Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not reasonably diligent where he waited twenty-seven months to present unexhausted claims to California Supreme Court and seven months after that court's decision to return to federal court).

4